UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07-CV-1492 CAS |
| | ) | |
| PARAGON HOME LENDING, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

This matter is before the Court on plaintiff's motion for default judgment against defendant Paragon Home Lending, LLC ("Paragon") pursuant to Federal Rule of Civil Procedure 55(b). Plaintiff previously obtained a Clerk's Entry of Default under Rule 55(a) on February 15, 2008.

This is an action for damages resulting from the sale of residential mortgage loans that were made pursuant to agreements between plaintiff and its predecessor-in-interest and defendant Paragon. In its motion for default judgment, plaintiff seeks over $1.6 million in damages and attorneys' fees and costs. For the most part, plaintiff's alleged damages are based on what it has characterized as defective loans under the agreements.

When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, the facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proven. Larson v. Everyday Learning Centers, 242 F.3d 815, 818 (8th Cir. 2001) (even if liability for tortious interference with contract was established, the plaintiff still had to prove actual damages to a reasonable degree of certainty). See also American Red Cross v. Community Blood Center of the Ozarks, 257 F.3d 859, 863 (8th Cir. 2001). Upon review of the record, including the affidavits filed, the Court finds it necessary to hold a hearing to determine the amount of damages and fees. See Fed. R. Civ. P. 55(b). At this hearing, plaintiff shall be prepared

to present all evidence necessary to prove the amount of damages it seeks, including information about the underlying mortgage loans, as well as, the attorneys' fees and costs it incurred, which it believes are recoverable under the agreements at issue.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment is set for hearing on July 29, 2008 at 10:00 a.m. in Courtroom 12-N. Plaintiff shall be prepared at that time to present all evidence necessary to prove the amount of damages and attorneys' fees and costs sought.

**IT IS FURTHER ORDERED** that plaintiff shall file, on or before July 15, 2008, an amended proposed Order of Default Judgment, which shall include all appropriate findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel defendant to comply with the Case Management Order is **DENIED** as moot. [Doc. 17]

**IT IS FURTHER ORDERED** that plaintiff's motion to amend the Case Management Order is **DENIED** as moot. [Doc. 27]

                                          **CHARLES A. SHAW**
                                          **UNITED STATES DISTRICT JUDGE**

Dated this    17th    day of June, 2008.